REGAN, Judge.
Plaintiff, Charles A. Coyle, Jr., has appealed from a judgment rejecting his endeavor to enjoin his former wife, Mrs. Pauline Coyle and South Central Bell Telephone Company from listing defendant’s name in the New Orleans Telephone Directory as Mrs. Charles A. Coyle, Jr.
Plaintiff’s pleadings set forth the circumstances from which he seeks injunctive relief as follows: The defendant obtained a judgment of divorce against plaintiff on March S, 1970. Plaintiff subsequently remarried one Philomena Rotonti, owner of a Vieux Carre restaurant, who also uses the name Mrs. Charles A. Coyle, Jr. In the telephone directory issued in December of 1970, the listing for Pauline Coyle appeared as “Coyle, Chas. A. Jr., Mrs.” Her former husband, a certified public accountant, only carried a business listing. Plaintiff complains the listing of his former wife (1) has caused several letters addressed to him to be misdirected and (2) has created confusion for and caused damage to the current Mrs. Coyle.
When this case came to trial, plaintiff introduced no evidence whatsoever to prove damage or irreparable injury. The facts as above recited were stipulated; however, no evidence was adduced to show that either he or his present wife had incurred any damage or injury whatsoever. The allegations to this effect were not substantiated.
 In conformity with the rationale emanating from C.C.P. art. 3601 the courts are vested with discretion under their equity jurisdiction to grant injunctive relief under certain circumstances. The significant part of this article reads:
“An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law.”
However, an injunction can only issue if the applicant has alleged and proved irreparable injury. In this case the plaintiff utterly failed to carry this burden thus his request for an injunction was properly dismissed by the trial court.[1]
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. State ex rel. Brooks v. Clancy, 178 La. 678, 152 So. 331 (1934).